UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| HARRY NICHOLAS BENSON, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No. 1:05-cv-154 |
| CURTIS PENNEY, *et al.*, | ) | Judge Mattice |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Reconsider (Court Doc. No. 69). Plaintiff seeks reconsideration of a portion of the Court's Order of March 5, 2007 (Court Doc. No. 55), in which it granted partial summary judgment on Plaintiff's state-law claim of negligence against Defendants City of Chattanooga and City of East Ridge.

At the outset, the Court notes that Plaintiff, Defendant Penney, and Defendant City of East Ridge have filed with the Court a document purporting to be a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii). (*See* Court Doc. No 70.) This document does not contain the signature of the City of Chattanooga's representative. It is therefore not a proper stipulation under Rule 41(a)(ii), which requires that a "stipulation of dismissal [be] signed by all parties who have appeared in the action." The Court notes that the City of Chattanooga has not objected to the so-called stipulation of dismissal. The Court will, therefore, treat this pleading as a motion to dismiss under Rule 41(a)(2), and **GRANTS** the same. Plaintiff's Motion to Reconsider [Court Doc. No. 69] is **DENIED AS MOOT** as to its claims against the City of East Ridge.

The Court further notes that the City of Chattanooga has failed to respond to the Plaintiff's motion, which it will deem a waiver of opposition to the Plaintiff's motion. *See* E.D. TN. L.R. 7.2.

As no judgment has been entered in the instant case, Plaintiff's motion seeking reconsideration of the Court's Order of March 5, 2007 is properly analyzed under Federal Rule of Civil Procedure 54(b), which provides that an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In other words, "[u]ntil a district court enters a judgment, it may alter or amend any of its orders." *Jaynes v. Austin*, 20 Fed. App'x 421, 425, 2001 WL 1176424, at *3 (6th Cir. Sept. 25, 2001).

Plaintiff takes issue with the Court's application of *Hale v. Randolph*, No. 1:02-CV-334, 2004 WL 1854179 (E.D. Tenn. Jan. 30, 2004), to the instant case. In ruling on Defendants' motions for summary judgment, the Court held that the municipal Defendants were immune from Plaintiff's negligence claims by virtue of the civil rights provision of the Tennessee Governmental tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-205(2), as interpreted by this Court in *Hale*, 2004 WL 1854179, at *17.

Plaintiff first argues that the Tennessee Supreme Court's holding in *Sallee v. Barrett*, 171 S.W.3d 822 (Tenn. 2005), somehow renders erroneous the Court's application of *Hale* to Plaintiff's claims of negligence against the municipalities. *Sallee*, however, does not address the civil rights provision within Tenn. Code Ann. § 29-20-205(2), and is not germane to the Court's application of *Hale* to the instant case.

Plaintiff next argues that he has also pled "pure" negligence claims against the municipalities that do not arise out of alleged civil rights violations and, therefore, do not implicate the civil rights provision of the TGTLA. Plaintiff fails, however, to identify these claims in his motion to reconsider. Further, the Court cannot discern from Plaintiff's Complaint a cause of action for negligence that is not rooted in an alleged civil rights violation.

Accordingly, Plaintiff's Motion to Reconsider [Court Doc. No. 69] is **DENIED**.

SO ORDERED this 5th day of June, 2007.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE